UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| AURORA PATRICIA LEAL PATINO, | ) |
| Petitioner, | ) |
| v. | ) 3:25-CV-569-KAC-DCP |
| SCOTT LADWIG, et al.; | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

This action is before the Court on Petitioner Aurora Patricia Leal Patino's "Petition for Writ of Habeas Corpus" [Doc. 1]. Because this district court has jurisdiction and is bound by Supreme Court dicta, the Court grants the Petition in part and orders the United States to promptly hold a hearing on Petitioner's release consistent with 8 U.S.C. § 1226.

### I.   Background

Petitioner is allegedly a Mexican citizen who has been present "in the United States for more than 20 years" [Doc. 1 at 5]. Since November 19, 2025, the United States Department of Homeland Security has detained Petitioner [*See* Doc. 1 at 2]. She was charged with unlawfully "entering the United States without admission or inspection" [*See id.*; *see also* Doc. 6 at 6]. She was initially detained in Knoxville, Tennessee [*See* Doc. 1 at 3]. The United States purports to detain Petitioner under 8 U.S.C. § 1225(b)(2)(A) [*See* Doc. 6 at 12].

On November 20, 2025, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 [*See* Doc. 1]. She seeks immediate release from custody or a bond hearing on her release [*See id.* at 2]. According to Petitioner, 8 U.S.C. § 1226, not Section 1225, applies to her [*See* Doc. 1 at 2-3]. The United States sees it differently. First, it argues that this Court lacks

jurisdiction [*See* Doc. 6 at 6-10]. Second, it argues that even if this Court has jurisdiction, Section 1225(b)(2)(A) applies to Petitioner and requires her detention [*See id.* at 10-24]. Petitioner replied [*See* Doc. 10]. Both Petitioner and the United States agree that if this Court has jurisdiction and Section 1226 applies, Petitioner is entitled to a bond hearing on her release [*See* Docs. 1 at 16, 6 at 24-25, 10 at 10].

II.     **Analysis**

The Court starts with jurisdiction. As relevant here, 8 U.S.C. § 1252(b)(9) provides that:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.

In *Jennings v. Rodriguez*, the Supreme Court rejected an "extreme" interpretation of Section 1252(b)(9), instead espousing an interpretation that allowed federal courts to hear a Section 2241 petition raising the question of whether 8 U.S.C. §§ 1225 and 1226 authorized prolonged detention of an alien in immigration proceedings without periodic bond hearings. *See* 583 U.S. 281, 292-95 (2018). To the Supreme Court, the "legal questions" presented did not "arise from the actions taken to remove these aliens." *See id.* at 293 (cleaned up). The Supreme Court has since confirmed that Section 1252(b)(9) "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined." *See Dep't of Homeland Security v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (cleaned up).

Here, Petitioner challenges whether her detention under Section 1225 without a hearing on release is unconstitutional—a legal question in the mold of *Jennings*. She does not challenge "an order of removal, the decision to seek removal, or the process by which removability will be

2

determined." *See Regents of the Univ. of Cal.*, 591 U.S. at 19. Under *Jennings*, this Court has jurisdiction to hear the Petition. *See* 583 U.S. at 293-94.

*Jennings* controls the larger statutory question here too. No Party disputes that Petitioner is an "alien." As relevant, Section 1225(b)(2)(A) requires detention "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Section 1225 defines "an applicant for admission" to include "[a]n alien present in the United States who has not been admitted." 8 U.S.C. § 1225(a)(1). "The terms 'admission' and 'admitted' mean, with respect to an alien, the ***lawful entry*** of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(13)(A) (emphasis added).

But in *Jennings*, Justice Alito, writing for a majority of the Court, analyzed the applicability of Sections 1225 and 1226 to certain aliens. *See* 583 US. at 287-303. "In sum, U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Id.* at 289. "It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)." *Id.* Section 1226 "applies to aliens already present in the United States." *Id.* at 303. "Section 1226(a) creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings." *Id.*

Because Petitioner is an alien "already present in the United States," Section 1226 applies to her. *See id.* at 303. To be sure, these statements of the law are dicta, not the holding of *Jennings*. *See id.* at 296-97 (describing the holding of the case). But without a principled basis to distinguish or disregard it, this Court is duty-bound to follow that Supreme Court dicta. *See Tchankpa v. Ascena Retail Grp. Inc.*, 951 F.3d 805, 816 n.2 (6th Cir. 2020); *see also Liable v. Lanter*, 91 F.4th

3

438, 444 (6th Cir. 2024) (citation omitted); *Holt v. City of Battle Creek*, 925 F.3d 905, 910 (6th Cir. 2019) (citation omitted); *see also Nat'l Institutes of Health v. Am. Pub. Health Ass'n*, 606 U.S. ----, 145 S. Ct. 2658, 2665 (2025) (Gorsuch, J., concurring in part and dissenting in part) ("Whatever their own views, judges are duty-bound to respect 'the hierarchy of the federal court system created by the Constitution and Congress.'" (quoting *Hutto v. Davis*, 454 U.S. 370, 375 (1982))). Were this Court writing on a clean slate, it might interpret these provisions differently. *See Olalde v. Noem*, No. 1:25-CV-168-JMD, 2025 WL 3131942, *3-4 (E.D. Mo. Nov. 10, 2025) (persuasively concluding that an alien physically present in the United States but not lawfully present in the United States is still "seeking admission"—that is "lawful entry"—into the United States and therefore subject to Section 1225(b)(2)(A)). But that is not the task at hand.

Under Section 1226(a) and the relevant regulations, Petitioner may be detained pending a hearing on her release. *See* 8 U.S.C. § 1226(a); 8 C.F.R. §§ 236.1, 1236.1, 1003.19(a). She is entitled to a hearing on her release, but the law does not require her immediate release. *See id.* Petitioner's arguments to the contrary are unpersuasive [*See* Doc. 10 at 1-11].

### III. Conclusion

For the above reasons, the Court **GRANTS** Petitioner Aurora Patricia Leal Patino's "Petition for Writ of Habeas Corpus" [Doc. 1] **in part** and **ORDERS** the United States to promptly hold a hearing on Petitioner's release consistent with 8 U.S.C. § 1226.

**SO ORDERED. AN APPROPRIATE JUDGMENT SHALL ENTER.**

KATHERINE A. CRYTZER
United States District Judge